IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                    :        CASE NO. 10-01762 (ESL)
                                          :
CARLOS GUTIERREZ HERNANDEZ                :
        Debtor                            :        CHAPTER 7
                                          :
_____  :

OPINION AND ORDER

This case is before the court upon the Debtor's *Motion to Inform Amendment of Schedules B & C* to change the value of a certain case held before the Puerto Rico Court of First Instance from "unknown" to the amount of $181,000 [Schedule B] and amend the claimed exemptions based on that new added value [Schedule C] ("*Motion to Amend*", Docket Nos. 29 & 30).  The Chapter 7 Trustee (the "Trustee") filed an *Objection to Amend Schedule C* claiming that the Debtor: (*i*) filed his *Motion* with the intention of hindering and obstruction the administration of the Trustee; (*ii*) failed to read his schedules before filing his bankruptcy petition, which indicates a complete disregard for the honesty duty imposed by the Bankruptcy Code; (*iii*) the Debtor's attempt to amend at this stage of the proceedings would be prejudicial to creditors and to the estate and it would frustrate the distribution scheme contemplated by the Bankruptcy Code; and (*iv*) the Debtor's right to claim an exemption arises and is fixed on the date the petition is filed, and thus post-petition changes in the Debtor's factual circumstances or in the applicable law do not alter the status of an exemption properly claimed (the "*Objection*", Docket No. 31).  For the reasons stated below, the Debtor's *Motion to Amend* is granted and the Trustee's *Objection* is hereby denied.

Procedural Background

The Debtor filed his Chapter 7 bankruptcy petition on March 5, 2010 and corresponding schedules (Docket No. 1).  In Schedule B (Personal Property), the Debtor reported that he is a plaintiff in a "cause of action against the PR Telephone Co. [in Case No.] DPE2007-1405 (703) [before the] Bayamón Superior Court, for discrimination and salaries" and estimated its value as "unknown" (the "PRTC Case", Docket No. 1, p. 13, ¶ 21).  He did not claim any exemption on that PRTC case (Docket No. 1, pp. 16-17).

On March 26, 2010, the Trustee filed an *Application for Leave to Employ* the law office of Luis E. Martin Lugo, Esq. to represent the bankruptcy estate in the contested matters in the PRTC

case (Docket No. 10). On May 14, 2010, the court issued an *Order* approving Luis E. Martin Lugo, Esq. as special counsel for the estate (Docket No. 14).

On February 23, 2012, the Debtor filed its *Motion to Amend* (Docket No. 30), to which he tendered the proposed *Amended Schedules B & C* (Docket No. 29). The purpose to amend Schedule B is to change the value of the Debtor's interest in the PRTC case from "unknown" to $181,000 (Docket Nos. 30, ¶ 1, and 29, p. 2, ¶ 21). The purpose of amending Schedule C is to "reflect [the] exemptions of the [PRTC case]" in the amount of $63,000 under 11 U.S.C. §§ 522(d)(5), 522(d)(11)(E) and 522(d)(11)(D) (Docket Nos. 30, ¶ 2 and 29, p. 5).

On March 3, 2012, the Trustee filed his *Objection* on the following grounds: (*i*) the Debtor filed his *Motion* to hinder and obstruct the administration of the Trustee; (*ii*) he failed to read his schedules before filing his bankruptcy petition, which indicates a complete disregard for the honesty duty imposed by the Bankruptcy Code; (*iii*) his attempt to amend at this stage of the proceedings would be prejudicial to creditors and to the estate and it would frustrate the distribution scheme contemplated by the Bankruptcy Code; and (*iv*) that the right to claim an exemption arises and is fixed on the date the petition is filed, and thus post-petition changes in the Debtor's factual circumstances or the in the applicable law do not alter the status of an exemption properly claimed (the "*Objection*", Docket No. 31).

On March 16, 2012, the Debtor filed an *Objection to "Trustee's Objection to Amend Schedule C"* (the "*Reply to Objection*", Docket No. 32) averring that: (*i*) his request to amend Schedules B & C are timely under Fed. R. Bankr. P. 1009(a); (*ii*) he disclosed the PRTC case from the very beginning but that he had no knowledge of its value when he filed for bankruptcy nor did he have access to that information at that moment; (*iii*) the Trustee was well aware of the PRTC case; (*iv*) he has not breached his honesty duty in these proceedings nor acted in bad faith; (*v*) delay alone cannot be construed as bad faith"; and (*vi*) the Trustee has not offered any evidence that the Debtor is hindering, concealing or causing economic loss to creditors.

Applicable law & Analysis

*(A) Exemptions in general*

When a debtor files a bankruptcy petition, all of his/her/its assets become property of the

2

bankruptcy estate [11 U.S.C. § 541] subject to the debtor's right to reclaim certain property as exempt under 11 U.S.C. § 522. See Taylor v. Freeland & Kronz, 503 U.S. 638, 642 (1992). A property becomes exempt by operation of law when no objections are filed. See 11 U.S.C. § 522(l). But the mere fact that debtors claim an exemption does not necessarily mean that they are entitled to it, since there must be compliance with statutory requirements and then an order of the bankruptcy court to that effect. See 9A Am. Jur. 2d Bankruptcy § 1392; In re Rolland, 317 B.R. 402, 412 (Bankr. C.D.Cal. 2004); In re Colvin, 288 B.R. 477, 483 (Bankr. E.D.Mi. 2003); Carlucci & Legum v. Murray (In re Murray), 249 B.R. 223, 230 (E.D.N.Y. 2000). Exemptions should be liberally construed in furtherance of the debtor's right to a "fresh start". See In re Newton, 2002 Bankr. LEXIS 2089 at *7, 2002 WL 34694092 at *3 (B.A.P. 1st Cir. 2002); Christo v. Yellin (In re Christo), 228 B.R. 48, 50 (B.A.P. 1st Cir. 1999).

*(B)     How to claim exemptions under 11 U.S.C. § 522*

In order to be effective, a debtor must specifically describe the property claimed as exempt and inform the value. See Nancy C. Dreher and Joan N. Feeny, Bankruptcy Law Manual, Volume 1 § 5:43 (2011-12), p. 941. Thus, a debtor is required to list the property claimed as exempt on the schedule of assets that must be filed with the bankruptcy petition. See 11 U.S.C. § 522(l); Fed. Rs. Bankr. P. 1007(b), 1007(I)(b) & 4003. A party in interest or the trustee may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under 11 U.S.C. § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. Fed. R. Bank. P. 4003(b)(1). If an interested party fails to object to a claimed exemption within the time allowed, the subject property will be excluded from the bankruptcy estate even if the exemption's value exceeds the statutory limits. 11 U.S.C. § 522(l); Taylor v. Freeland & Kronz, 503 U.S. 638, 643-644 (1992). In the instant case, there is no dispute that the Trustee's *Objection* is timely.

Notwithstanding, in Schwab v. Reilly, 130 S.Ct. 2652, 2668 (2010), the Supreme Court held that the time limits for objecting to an exemption do not apply if the claimed exemption is valid on its face. Schwab's analysis rests on the determination that Section 522(a)(3)(B) defines the "'property' a debtor may 'clai[m] as exempt' as the debtor's 'interest' –up to a specified dollar

amount– in the assets described in the category, not as the assets themselves." Id. at 2661-62 (citations omitted). Under the Schwab doctrine, treating the entries as exemptions of an in-kind interest would violate the Bankruptcy Code's limits and fail to account for the distinction between exemptions that include a monetary cap and those that allow debtors to exempt property regardless of value. Id. at 2663, n.10. Thus, Schwab mandates that exemptions be claimed "in a manner that makes the scope of the exemption clear". Id. at 2668. In Massey v. Pappalardo (In re Massey), 465 B.R. 720 (B.A.P. 1ˢᵗ Cir. 2012), the debtor did not assign a monetary value to the claimed exemption for his car and residence in their Schedule C, but rather claimed "100% of FMV [Fair Market Value]". Id. at 721. The Trustee timely challenged those claimed exemptions alleging that they were improper. Id. at 722. The Massey court adopted the analysis in In re Salazar, 449 B.R. 890 (Bankr. N.D.Tx. 2011), where the court posed two possible solutions to dealing with this type of claimed exemptions. First, the court could hold an evidentiary hearing on the value of the debtor's exemptions. At such a hearing, the debtor has the initial burden of showing a plausible basis for the claim that '100% of FMV of an asset falls within the statutory limit on the amount that may be exempted under Section 522. In accordance with Schwab, if the objection is overruled, the asset claimed will no longer be part of the estate, but if the objection is sustained, the debtor must forfeit the value in excess of the statutory allowance. The second approach is for the court to "simply declare that an objection to an exemption claim of '100% of FMV' is a facially valid objection because the debtor has failed to claim a set amount as contemplated by the exemption statute allowing the exemption." Salazar, 449 B.R. at 897. In this situation, the court will sustain the objection "**unless the debtor amends his exemptions to claim a dollar amount for his exempt interest in the property**." Id. at 897 (emphasis added). The Salazar court adopted this approach [Id. at 902], and the Massey court held that said approach "best recognizes the reasoning in Schwab". Massey, 465 B.R. at 728. Under either scenario, Fed. R. Bankr. P. 4003(c) mandates that "the objecting party has the burden of proving that the exemptions are not properly claimed."

In the instant case, the Debtor disclosed the PRTC case with his bankruptcy petition, albeit with an "unknown" reported value. See Docket No. 1, p. 13 [Schedule B]. The Trustee was also aware of its existence, course of action and status since at least March 26, 2010, when he filed the

4

*Application for Leave to Employ* the law office of Martin Lugo, Esq. to represent the bankruptcy estate (Docket No. 10). Thus, the Debtor's *Motion to Amend* (Docket No. 23) is targeted precisely to "claim a dollar amount for his exempt interest in the property", namely the PRTC case, following the Salazar reasoning, 449 B.R. at 902, as cited in In re Massey, 465 B.R. at 728. The court now proceeds to analyze the merits of the amendment.

*(C)    Amendments to claimed exemptions under Fed. R. Bankr. P. 1009*

Pursuant to Fed. R. Bankr. P. 1009(a), a debtor may amend a claim of exemptions at any time before the case is closed as a matter of right. "The Rule adopts a permissive approach that freely allows amendments to lists or schedules without court permission at any time during the case." Hannigan v. White (In re Hannigan), 2004 U.S. Dist. LEXIS 28802 at **12-13 (D.Ma. 2004) aff'd at 409 F.3d 480 (1st Cir. 2005), quoting In re Robbins, 187 B.R. 400, 403 (Bankr. D.Ma. 1995)[1]. But the right to amend is not absolute. The court may disallow such amendments in exceptional circumstances. For instance, caselaw has recognized two clear exceptions to this permissive approach: (*i*) prejudice to creditors or the trustee and (*ii*) bad faith. In re Snyder, 279 B.R. 1, 6 (B.A.P. 1st Cir. 2002). Also see Nancy C. Dreher and Joan N. Feeny, Bankruptcy Law Manual, Volume 1 § 5:43 (2011-12), p. 941.

In determining whether the amendment would prejudice creditors, the appropriate inquiry is not whether a creditor will recover less or be adversely affected by the amendment; instead, a court must determine whether the creditor(s) would be adversely affected by having detrimentally relied on the debtor's initial position. Allan N. Resnick and Henry J. Sommes, 9 Collier on Bankruptcy, ¶ 1009.02[1] (16th ed. 2012); In re Talmo, 185 B.R. 637, 645 (Bankr. S.D.Fla. 1995) ("[P]rejudice may be established by showing harm to the litigating posture of parties in interest. If the parties would have taken different actions or asserted different positions had the exemption been claimed earlier, and the interests of those parties are detrimentally affected by the timing of the amendment, then the prejudice is sufficient to deny amendment."). Delay to amend by itself and/or disappointment of creditors' expectations do not constitute prejudice. In re Melber, 315 B.R. 181, 190 (Bankr. D.Ma. 2004), citing

---

[1] Subsequently abrogated on other grounds.

In re Arnold, 252 B.R. 778 (B.A.P. 9th Cir. 2000).

Similarly, bad faith in amending a claimed exemption is generally identified as some sort of attempt to conceal an asset. In re Cudeyro, 213 B.R. 910, 918 (Bankr. E.D.Pa. 1997). Bad faith can also be found when debtors intentionally undervalue their home in the schedules to reflect no equity. In re Hannigan, 409 F.3d at 483-484. Such bad faith is determined by an examination of the totality of the circumstances. See Berliner v. Pappalardo (In re Puffer), 674 F.3d 78, 82 (1st Cir. 2012), citing Marrama v. Citizens Bank of Mass. (In re Marrama), 430 F.3d 474, 482 (1st Cir. 2005), aff'd at 549 U.S. 365 (2007); In re Lombardo, 370 B.R. 506, 512 (Bankr. E.D.N.Y. 2007) as adopted in In re Fernandez Rosado, 2010 Bankr. LEXIS 4440 at *33, 2010 WL 5019023 at *11 (Bankr. D.P.R. 2010); Accord Pope v. Clark (In re Clark), 274 B.R. 127, 137 (Bankr. W.D.Pa. 2002) ("Bad faith … is determined by examining the totality of the circumstances."); Gold v. Guttman (In re Guttman), 237 B.R. 643, 651 (Bankr. E.D.Mi. 1999); In re Hardy, 234 B.R. 94, 95 (Bankr. W.D.Mo. 1999); In re Clemmer, 184 B.R. 935, 942 (Bankr. E.D.Tn. 1995). The "totality of the circumstances test cannot be reduced to a mechanical checklist": it "derives from equity". In re Puffer, 647 F.3d at 82. "This matters because equitable concepts are peculiarly insusceptible to per se rules." Id. at 82.

"A mere allegation by an objector of bad faith [or prejudice] is insufficient." Wood v. Premier Capital, Inc. (In re Wood), 291 B.R. 219, 228 (B.A.P. 1st Cir. 2003), quoting In re St. Angelo, 189 B.R. 24, 26 (Bankr. D.R.I. 1995). In both instances, an objection to the proposed amendment must be fact-intensive and through specific evidence. See In re Colvin, 288 B.R. 477, 481-482 (Bankr. E.D. Mich. 2003) ("Mere allegations of bad faith will not suffice; the objecting party must demonstrate the bad faith of the debtor by specific evidence."); In re St. Angelo, 189 B.R. 24, 26 (Bankr. D.R.I. 1995) ("Intent to conceal is a factual determination to be made by a bankruptcy court...").

The court finds that the Trustee's tersely encryptic *Objection* (Docket No. 31) fails to refer to a single fact in support of its legal conclusions, and consequently the Trustee has failed to meet his burden under Fed. R. Bankr. P. 4003(b). Pursuant to the cited caselaw, the Trustee has failed to show any prejudice whatsoever or bad faith by the Debtor. Likewise, no intention of hindering or obstructing the administration of the Trustee can be inferred from the record and much less from the Trustee's *Objection*. Furthermore, the record of this case shows that Debtor did not attempt to

conceal the PRTC case. To sustain his position, the Trustee cites *in passim* In re Rice, 452 B.R. 623 (Bankr. E.D.Mi. 2011), for the proposition that the Debtor did not read his initial schedules when he filed the bankruptcy petition, which constitutes reckless disregard for the truth that bars him from amending his schedules. A careful reading of that case demonstrates that the facts are inapposite to the instant one and is *ergo* inapplicable. In In re Rice, the debtor acknowledged that he did not read all the schedules but rather "scanned them". 452 B.R. at 626. In the case at bar, the Debtor duly disclosed the existence of the PRTC with its assigned case number at the Bayamon Superior Court.

Therefore, the Trustee's *Objection* is denied. The Trustee has not contested the validity of the Debtor's amended claimed exemptions, and thus an evidentiary hearing on the value of the Debtor's claimed exemptions is unwarranted.

Conclusion

In view of the foregoing, the Debtor's *Motion to Amend* (Docket No. 30) is hereby granted and the Trustee's *Objection* (Docket No. 31) is hereby overruled. Consequently, the Debtor is allowed to amend his Schedule B and C (Docket No. 29).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of June, 2012.

Enrique S. Lamoutte
United States Bankruptcy Judge